**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JEFF CONTRERAS,

Plaintiff,

vs.

ELENA LEE GRAHAM, *et al.*,

Defendants.

Case No.: 2:25-cv-01059-GMN-BNW

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 8), filed by Defendants Judges Elena Lee Graham and Holly Stobersk. Plaintiff filed a Response, (ECF No. 10), to which Judges Graham and Stobersk replied, (ECF No. 11).[1] Plaintiff then filed an improper surreply, (ECF No. 13).[2]

For the reasons discussed below, the Court GRANTS Judges Graham and Stobersk's Motion to Dismiss.

## I. <u>BACKGROUND</u>

This matter arises out of alleged 42 U.S.C. § 1983 violations by Defendants. (*See generally* Compl., ECF No. 4). Plaintiff alleges that he was charged with criminal harassment in state court. (*Id.* at 7). Judge Stoberski presided over Plaintiff's initial arraignment on the

[1] The Court construes Plaintiff's motion titled "MOTION Plead to Dismantle on Dismissal Due to Case 2023-0472 Disciplinary Counsel v. Tracie M. Hunter and Case David Daugherty v. Ocwen Loan Servicing, LLC, No. 16-2243 (4th Cir. 2017)," (ECF No. 10), as a Response to the Motion to Dismiss. Because it is a response and not a motion, the Clerk of Court is kindly directed to terminate the gavel from ECF No. 10.

[2] Plaintiff indicates in ECF No. 13 that the document is both an original complaint and a first amended complaint, yet the substance of the document appears to oppose Judges Graham and Stoberski's Motion to Dismiss Plaintiff's original Complaint. Because Plaintiff has already filed an opposition, (ECF No. 10), to Judges Graham and Stoberski's Motion to Dismiss the Original Complaint, the Court construes ECF No. 13 as an impermissible surreply. LR 7-2(b) ("Surreplies are not permitted without leave of court."). Thus, the Court STRIKES ECF No. 13. Because ECF No. 13 is stricken, and the operative Complaint is ECF No. 4, the subsequent Motions to Dismiss targeting ECF No. 13, (ECF Nos. 14, 31) are DENIED as moot.

criminal charge in Las Vegas Township Justice Court. (*Id.* at 5). Plaintiff pled guilty in the criminal case in district court with Judge Ballou presiding. (*Id.* at 7, 8). Plaintiff alleges that Judge Ballou wrongfully sentenced him in the criminal case. (*Id.*). While the criminal case was pending, Plaintiff filed a civil suit against the criminal case's victim in Las Vegas Township Justice Court. (*Id.* at 4). This civil case was assigned to Judge Graham. (*Id.*). Plaintiff's civil suit was ultimately dismissed, (*id.* at 15), and it is unclear to the Court whether final judgment was entered. Plaintiff accuses Judges Graham and Stoberski of running a chain conspiracy against him arising out of their rulings in the criminal and civil cases. (*See generally id.*). Plaintiff seeks damages in the amount of $200,000 for "wrongful incarceration, wrongful sentence two times, punitive damages, monetary damages/non-monetary damage." (*Id.* at 12–13).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). An FRCP 12(b)(1) motion tests whether a complaint alleges grounds for federal subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A motion to dismiss pursuant to the *Rooker–*

*Feldman* doctrine is properly brought pursuant to FRCP 12(b)(1). *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. FRCP 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Judges Graham and Stoberski move to dismiss the Complaint based on the *Rooker–Feldman* doctrine under FRCP 12(b)(1) and judicial immunity under FRCP 12(b)(6), among other grounds for dismissal. The Court begins by discussing whether any of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine precludes the claims arising out of Plaintiff's criminal case.[3] Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review decisions of state courts or to reverse or modify state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). Review of such state court decisions may be conducted only by the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005).

The *Rooker-Feldman* doctrine applies beyond direct challenges to state court decisions. "The doctrine also precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal." *Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)). "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as

[3] The *Rooker-Feldman* doctrine bars direct and de-facto appeals from the *judgments* of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Because it is unclear whether Plaintiff's civil case ended in a judgment, the Court does not consider whether the claims arising out of the events that transpired with respect to the civil case are barred by *Rooker-Feldman*.

the doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)).

The Court must determine whether the present action is a *de facto* appeal. To determine whether an action functions as a prohibited *de facto* appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker–Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted).

Federal courts are courts of limited jurisdiction, meaning they can only hear cases authorized by the United States Constitution or federal statutes. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As a result, if a court lacks subject matter jurisdiction, it must dismiss the action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). When resolving this facial challenge to subject matter jurisdiction, the Court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

The Court finds that Plaintiff's claims against Judges Stoberski and Ballou are precluded under the *Rooker-Feldman* doctrine because the present action is a *de facto* appeal of Plaintiff's criminal case that resulted in a conviction and sentence. Here, Plaintiff alleges various constitutional violations in connection with his state criminal case. Plaintiff ultimately challenges the sufficiency of his arraignment, conviction, and sentence. Because the relief Plaintiff seeks would necessarily require this Court to determine the sufficiency of his criminal

arraignment, conviction, and sentence, this Court cannot intervene. Thus, the *Rooker-Feldman* doctrine bars this Court from hearing the claims arising out of Plaintiff's criminal case

**B. Judicial Immunity**

While the *Rooker-Feldman* doctrine bars this Court from hearing Plaintiff's claims against Judges Stoberski and Ballou, the entire action must also be dismissed because of judicial immunity. Judges enjoy absolute immunity from civil liability, even if their action was in error, done maliciously, or in excess of their authority. *Meeks v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Judicial immunity applies unless the challenged conduct is accompanied by a clear absence of all jurisdiction or where the challenged conduct is not judicial in nature. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Courts determine whether an act is judicial in nature by considering whether: (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around the case pending before the judge; and (4) the events at issue arose out of confrontation with the judge in his or her official capacity. *Meeks*, 183 F.3d at 967.

Here, Plaintiff does not allege that Defendants' actions were not judicial in nature. In fact, he challenges how Defendants handled his civil and criminal cases in their capacities as judges. (*See generally* Compl.). Plaintiff does not allege any conduct that was not part of Defendants' normal judicial functions or that did not concern the cases before them. Nor does Plaintiff allege they took actions outside of their jurisdiction. Because Plaintiff has failed to allege either extrajudicial conduct not covered by immunity, or actions taken outside of Defendants' jurisdiction, the Court finds that absolute judicial immunity applies.

Accordingly, the Motion to Dismiss is GRANTED on the grounds that a portion of this action is barred by the *Rooker-Feldman* doctrine, and because all of Plaintiff's claims are otherwise barred by judicial immunity. Because amendment would be futile, Plaintiff's Complaint is DISMISSED with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Graham and Stobersk's Motion to Dismiss, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that ECF No. 13 is **STRICKEN**.

**IT IS FURTHER ORDERED** that the Motions to Dismiss targeting ECF No. 13, (ECF Nos. 14, 31) are **DENIED** as **moot**.

**IT IS FURTHER ORDERED** that all the claims and parties in this action are dismissed with prejudice.

Because the Court construes ECF No. 10 as a Response to the Motion to Dismiss, the Clerk of Court is kindly directed to terminate the gavel from ECF No. 10. The Clerk of Court is also kindly directed to close the case.

**DATED** this __24__ day of July, 2026.

____________________________________
Gloria M. Navarro, District Judge
United States District Court